THE CITY OF POUGHKEEPSIE, RESPONDENT, v. ABRA-HAM WILTSIE, APPELLANT.

*City of Poughkeepsie — duty of the treasurer as to the collection of taxes — he can receive no compensation in addition to salary — 1876, chap. 215.*

The charter of the city of Poughkeepsie made it the duty of the treasurer of the city to collect "all taxes and assessments to be collected within the limits of the city," and to deposit all moneys received in such banks as might be designated by the common council of the city. For his services he was to receive such sum as the common council should direct, not exceeding $1,500 a year, and he was not to receive for his services "any other fee or reward whatever."

The charter further provided that the per centage on taxes in arrear "in all cases, when collected, shall go and belong to the city."

*Held*, that it was the duty of the treasurer to pay over to the city all fees and interest collected by the treasurer upon the State and county, as well as those collected upon the city taxes, and that the question as to whether the city was entitled to retain the fees or interest as regards the county was one which did not concern the treasurer.

APPEAL by the defendant from a judgment, entered upon the trial of this action by the court without a jury.

*O. D. M. Baker* and *H. A. Nelson* for the appellant.

*Robert F. Wilkinson*, for the respondent.

PRATT, J. :

The defendant was the treasurer of the city of Poughkeepsie. His duty was to collect "all taxes and assessments to be collected within the limits of the city." It was therefore as much his duty to collect the State and county tax as it was the city tax or an assessment for a local improvement. (Sec. 1, chap. 215, Laws of 1876.) For those services his compensation was fixed. It was to be such sum "as the common council shall direct, not exceeding $1,500 in each year;" and it is further provided that "he shall not receive for his services any other fee or reward whatever." (Sec. 2, same Act.) It is impossible to construe these sections as referring solely to his compensation for collecting the city taxes and performing the other duties of city treasurer. The legislature has created the office and fixed its duties and compensation. It is not in terms prescribed that the treasurer shall collect the State and county tax, but it is prescribed that he shall collect "all taxes to be collected within the limits of the city." This includes the State and county tax, and the duty of collecting it therefore belongs to the office. For this duty there is to be no extra compensation, but the services are paid for by the salary fixed by the common council; and all other fees are forbidden. The fees to be added to the taxes "shall go and belong to the city." (Sec. 1.) It is clear, therefore, that as to the fees collected on the State and county taxes the defendant has no claim to them; they belong to the city. As to the interest collected, it is unnecessary to decide here whether it belongs to the city or to the county. It was the defendant's duty to pay it over to the city. The city is made the agent for the collection of the tax; whether it owns the interest collected itself, or whether it received it only as the agent of the county, is immaterial. The defendant must pay it to the city, and on his failing so to do, the city may sue for it.

As to the item of $201 shortage upon the city tax, I think the defendant is liable for it. There is no evidence in the case that would justify a finding that Daniels embezzled this money. The deficiency exists between the amount collected and the amount deposited. In the absence of any evidence showing how the deficiency arose, the defendant must make it good. The presumption is, that it was paid to him and he has failed to pay it to the city.

There is, however, an apparent error in the amount of the judgment. The per centages are stated to amount to $619.84. The amount stated at folios 39 and 40 of the case, and again repeated at folios 71, 72, 73 and 74, foot up to $519.84, an apparent error of $100. This error may be in the printed case only, or it may be an error in the original figures. If the latter is the case, the judgment must be reduced, and as so reduced affirmed, with costs.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.